J-S22021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICO D. LOFTON | |
| Appellant | No. 3593 EDA 2016 |

Appeal from the PCRA Order entered October 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012573-2007

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JULY 09, 2018**

Appellant, Rico Lofton, appeals from the October 28, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief filed pursuant to Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred by dismissing his petition without exploring alleged misconduct affecting juror impartiality, an issue not raised in his PCRA petition.  Upon review, we affirm.

We glean the following underlying facts from our review of the record. In March 2010, a jury convicted Appellant of three counts of aggravated assault and one count of criminal conspiracy.  The convictions stemmed from

_____

* Retired Senior Judge assigned to the Superior Court.

an August 9, 2006 drive-by shooting on Jackson Street in Philadelphia that involved Appellant and an unidentified co-conspirator. One person was struck in the knee by one of the bullets fired. A two-year old child suffered an injury to a finger from another shot. A third shot narrowly missed the head of the child's grandmother. Testimony at trial suggested the shooting was in retaliation for a fight among a group of teenagers, including Appellant's son who was "slammed to the ground and 'stomped' by three or four young men during the fight." PCRA Court Opinion, 7/17/2017, at 2-4.

The trial court sentenced Appellant to an aggregate term of 30 to 60 years in prison. Appellant filed a post-sentence motion that was denied by operation of law. On March 12, 2012, we affirmed his judgment of sentence (No. 2560 EDA 2010). Our Supreme Court denied his petition for allowance of appeal on October 5, 2012 (No. 165 EAL 2012).

On February 20, 2013, Appellant filed a timely *pro se* PCRA petition raising twelve claims of ineffectiveness of counsel. PCRA Petition, 2/20/13, at 1-3 (Attachment). Counsel was appointed and, on August 31, 2016, filed a ***Finley/Turner***[1] "no-merit" letter addressing each of Appellant's ineffectiveness claims but reworking them into fourteen issues "for ease of review." No-Merit Letter, 8/31/16, at 2-3.

---

[1] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. 1988) and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

On September 28, 2016, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. By order entered October 28, 2016, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal to this Court. The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court issued an opinion in support of its order on July 17, 2017 and addressed each of the 14 ineffectiveness claims raised in Appellant's PCRA petition (as rephrased by PCRA counsel), listing them under the heading "Statement of Matters Complained of on Appeal." PCRA Court Opinion, 7/17/17, at 9. Those claims are as follows:

1. Trial counsel was ineffective during the trial;

2. Trial counsel made serious errors during his representation of petitioner;

3. Trial counsel did not properly impeach the Commonwealth's witnesses;

4. Trial counsel was ineffective for failing to call certain witnesses;

5. Trial counsel was ineffective for failing to insure that the Commonwealth provided all discovery to the defense;

6. Trial counsel was ineffective for not introducing prior consistent statements of witnesses;

7. Trial counsel was ineffective for not objecting to the admission of other crimes evidence;

8. Trial counsel was ineffective for not alleging police misconduct;

9. Trial counsel was ineffective for not introducing important evidence at trial;

10. Trial counsel was ineffective for not pursuing certain defenses;

11. Trial counsel was ineffective for not performing certain pretrial functions and for not conducting an investigation;

12. Trial counsel was ineffective for not claiming that the sentence exceeded the statutory maximum;

13. Trial counsel was ineffective for not raising ineffectiveness claims on direct appeal; and

14. Trial counsel was ineffective for not objecting to prosecutorial misconduct.

PCRA Opinion, 7/17/17 at 9.[2]

In this appeal, Appellant asks us to consider one question:

1. Whether the trial court erred and abused its discretion by dismissing [Appellant's] PCRA petition without conducting its own independent review of the record and/or an evidentiary hearing. The review by PCRA counsel and the PCRA court did not explore the issue of misconduct affecting the impartiality of a juror in that there was more than a reasonable likelihood of prejudice that a deliberating juror was affected by information provided to him by Yolanda Watson.[3] Trial and PCRA counsels

_____

[2] Although Appellant's claims were rephrased by PCRA counsel and were examined by the PCRA court as rephrased by counsel, it is important to note that the issues as presented by Appellant in his PCRA *pro se* petition were no less devoid of detail.

[3] In his brief, Appellant explains that Appellant's fiancée, Yolanda Watson, approached a juror outside the courthouse in the midst of deliberations. The juror recognized Ms. Watson as someone he saw in the courtroom during the trial. Ms. Watson attempted to engage the juror in conversation, a fact he reported to the trial court, prompting the trial court to refer Ms. Watson's

(*sic*) were therefore ineffective for either failing to preserve the issue for appellate review or present it in an amended PCRA petition.

Appellant's Brief at 4 (unnecessary capitalization omitted).[4]

As this Court has recognized:

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011). This Court "will not disturb findings that are supported by the record." ***Id.***

***Commonwealth v. Watley***, 153 A.3d 1034, 1039-40 (Pa. Super. 2016).

As reflected above, Appellant raised several broad issues in his *pro se* PCRA petition. In appointed counsel's no-merit letter, counsel examined each alleged claim of ineffectiveness after he "reviewed the quarter session files, corresponded with [Appellant], and reviewed the applicable law." No-Merit Letter, 8/31/16, at 1. He concluded that none of Appellant's claims had merit and "also concluded that there exist no other issues that could be raised in a

_____

conduct to the District Attorney's Office for criminal prosecution. "No corrective actions were requested. . . . Appellant's counsel did not object to [the juror] continuing to deliberate, and he did not request either an alternate to be seated or a mistrial." Appellant's Brief at 6-8.

The record reflects that the trial court questioned the juror about the incident prior to resumption of deliberations. The juror stated that he could decide the case based on the evidence and the law, just "as I said during jury selection process," and that he could decide the case in a fair and impartial manner, "[o]ne hundred percent." Notes of Testimony, Trial, 3/5/10, at 16-17.

[4] We note that Appellant is represented by counsel in this appeal.

counseled petition and therefore, in [counsel's] professional opinion . . . it would be fruitless to file an amended petition." **Id.** Subsequently, the PCRA court concluded Appellant's claims were without merit "following a review of defense counsel's letter . . . and an independent review of this matter." PCRA Court Order, 10/28/16, at 1. However, neither counsel nor the PCRA court considered a claim of "misconduct affecting the impartiality of a juror," an issue not even remotely suggested by either Appellant's PCRA petition or the record.

Because Appellant did not raise the issue at any time prior to the filing of his brief in this appeal, the issue is waived. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (claims not included in a PCRA petition are waived); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). As the Commonwealth asserts, "There is no juror disqualification claim in either [Appellant's] *pro se* petition or counsel's no-merit letter, and [Appellant] failed to respond to the court's dismissal notice." Commonwealth Brief at 6 (citing **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (to aver a new non-PCRA counsel ineffectiveness claim after the PCRA court has issued a Rule 907 notice, the petitioner must respond to the notice and seek leave to amend his petition).

Further, to the extent Appellant is attempting to raise PCRA counsel ineffectiveness in this appeal, this Court has explained:

> Where the petitioner does not seek leave to amend his petition after counsel has filed a ***Turner/Finley*** no-merit letter, the PCRA court is under no obligation to address new issues. ***Rykard, supra***; ***see also*** [***Commonwealth v. Williams***, 732 A.2d 1167, 1191 (Pa. 1999)]. In contrast, where the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction. ***See also*** [***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009)]; ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa. Super. 2012). Since Appellant did not seek leave to amend his petition or otherwise preserve his trial counsel and PCRA counsel ineffectiveness claims, he waived the issues he raised for the first time in his Pa.R.A.P. 1925(b) statements. Further, the court cannot have erred in declining to allow Appellant to amend his petition where he never sought that relief before the PCRA court.

***Rigg***, 84 A.3d at 1085 (footnote omitted). Appellant did not seek leave to amend his petition or otherwise preserve a trial counsel or PCRA counsel ineffectiveness claim relating to impartiality of a juror. Therefore, he waived this issue. As in ***Rigg***, the PCRA court cannot have erred in declining to allow Appellant to amend his petition because he never sought that relief before the PCRA court. Finding no error on the part of the PCRA court, we shall not disturb its order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18

- 7 -